IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| TIMOTHY WAYNE ARNETT, | ) | No. CV-F-05-978 REC |
|---|---|---|
| | ) | (No. CR-F-95-5287 OWW) |
| Petitioner, | ) | ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 WITHOUT PREJUDICE AS PREMATURE |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

On July 25, 2005, petitioner Timothy Wayne Arnett filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was convicted by jury in 1998 of seven counts of armed bank robbery in violation of 18 U.S.C. 2113 and seven counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Petitioner appealed these convictions to the Ninth Circuit. By decisions filed on December 23, 2004, petitioner's convictions of armed bank robbery were affirmed, United States v. Arnett, 2003 WL 23095754 (9th Cir.

2003), but his convictions of violation of Section 924(c) were reversed and remanded for retrial, <u>United States v. Arnett</u>, 353 F.3d 765 (9th Cir. 2003).  Petitioner was retried and convicted on the Section 924(c) counts on August 10, 2005.  Petitioner is now proceeding with post-conviction motions and resentencing.

In his Section 2255 motion, petitioner contends that his convictions of seven counts of armed bank robbery are constitutionally defective because the prosecution knowingly presented FDIC certificates and a NCUA certificate as duplicates when each certificate was made shortly before trial.

The court rules that petitioner's Section 2255 motion is premature and denies it without prejudice on that ground.  In <u>United States v. Colvin</u>, 204 F.3d 1221, 1225 (9th Cir. 2000), the Ninth Circuit that, in those cases in which the Ninth Circuit either partially or wholly reverses a defendant's conviction or sentence, or both, and expressly remand to the district court,

> the judgment does not become final, and the statute of limitations does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed.

In addition, petitioner faces the risk that a subsequent motion for relief under Section 2255 directed to his convictions of Section 924(c) may be considered a second or successive petition, leave for which must be obtained by the Ninth Circuit.

ACCORDINGLY:

1.  Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is dismissed without

1 | prejudice as premature.
2 | IT IS SO ORDERED.
3 | **Dated:  September 12, 2005**              **/s/ Robert E. Coyle**
  | 668554                                      UNITED STATES DISTRICT JUDGE